IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JULIO CESAR QUINTANA-SAM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS IN RE FAILURE TO PROVIDE DISCOVERY<br><br><br>Case No. 2:10-CR-385 TS |

This matter comes before the Court on Defendant Julio Cesar Quintana-Sam's Motion to Dismiss *in re* Failure to Provide Discovery. The Court held oral argument on the Motion on July 20, 2010. For the reasons discussed below, the Court will deny the Motion without prejudice.

I.  BACKGROUND

Defendant, along with three co-Defendants, is named in a six count Indictment. Counts 1 through 5 allege violations of 18 U.S.C. § 1546(a). Count 6 alleges a violation of 18 U.S.C. § 1028(a)(3).

1

Defendant seeks dismissal of this action based on the government's failure to provide discovery. In his Motion, Defendant argues that the government has failed to provide the following discovery: (1) search warrants and search warrant affidavits; (2) information regarding *Miranda* waivers and forms; and (3) information concerning the forensic examination of computers and hard drives that were seized. Defendant has since represented that he has been provided with the search warrant and search warrant affidavit information, but has not been provided with other information. At the hearing on Defendant's Motion, Defendant's counsel pointed to other information which he believes has not been produced, such as a photo line-up.

The government states the search warrant and search warrant affidavit information was left off a CD by mistake and has now been provided. The government also seems to concede that no *Miranda* form exists, arguing that the absence of such a form does not make any statement or confession inadmissible.[1] Finally, the government states that the Utah State Crime Laboratory has not completed its forensic examination of the computers and hard drives. At the hearing, it was revealed that the forensic examination of the computers and hard drives is ongoing and that information has not been provided to either the government or Defendant. The government states there is no other discovery of which it is aware that Defendant does not have.

## II. DISCUSSION

Fed.R.Crim.P. 16(a)(1)(A)-(G) provides that certain information is subject to disclosure by the government to Defendant. DUCrimR 16-1(c) states that, "[u]nless ordered by the court,

---

[1]Defendant's statements are the subject of a pending Motion to Suppress. *See* Docket No. 24.

the party obligated to disclose under Fed.R.Crim.P. 16 must comply promptly but not fewer than fourteen (14) days prior to trial." In this case, the Court ordered that discovery was due by May 21, 2010.[2]

Rule 16(d)(2) of the Federal Rules of Criminal Procedure gives the Court broad discretion in imposing sanctions on a party who fails to comply with a discovery order.[3] That Rule provides:

> If a party fails to comply with this rule, the court may:
> (A) order that party to permit the discovery or inspection; specify its time, place, and manner, and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.[4]
>
> The factors the district court should consider in determining whether a sanction is appropriate are (1) the reasons for the delay in producing the requested materials, including whether or not the party acted in bad faith; (2) the extent of prejudice to the other party as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance.[5]

If the Court concludes that sanctions are appropriate, it should impose the least severe sanction that will accomplish prompt and full compliance with the Court's discovery orders.[6]

---

[2] *See* Docket No. 6.

[3] *United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1998).

[4] Fed.R.Crim.P. 16(d)(2).

[5] *United States v. Nichols*, 169 F.3d 1255, 1268 (10th Cir. 1999).

[6] *Id*.

Even assuming that the government has violated its obligations under Rule 16, the Court finds that dismissal is not proper as it is not the least severe sanction. Rather, a lesser sanction, would be more appropriate.

Considering the factors set forth above, the government represents that it has provided all discovery in its possession and has not provided the forensic examination reports because the examinations have not yet been completed. There is no evidence of bad faith here. However, the Court is concerned that there may be additional discovery materials, such as the photo line-up, that have not been produced. The government should re-double its efforts to ensure that all discovery has been provided.

Defendant represents that he will be prejudiced because he will be unable to prepare for trial without this evidence and that he may spend more time in custody waiting for the evidence than he would if convicted. Both of these are legitimate concerns. However, dismissal is not the appropriate sanction, at this time, as lesser sanctions will assure compliance with the Court's discovery orders. For example, the Court will not permit the government to use previously undisclosed evidence at trial. Additionally, Defendant is free to file a motion for a bill of particulars or a motion to compel if there is specific evidence he believes has not been provided. Additionally, this Motion is being denied without prejudice and Defendant may file another motion to dismiss if he believes further discovery violations have taken place.

Finally, there is the ability to cure prejudice by granting a continuance and, indeed, this trial has already been continued, due, in part, to Defendant's pending Motion to Suppress. With

that continuance, Defendant can be provided the necessary information to adequately prepare for trial. Based on the above, this Motion will be denied, but it will be denied without prejudice.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss *in re* Failure to Provide Discovery (Docket No. 20) is DENIED WITHOUT PREJUDICE. It is further

ORDERED that the time from the filing of this Motion to the date of this Order is excluded under the Speedy Trial Act pursuant to 18 U.S.C. 3161(h)(D), (H).

DATED   July 22, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge